### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT D. VAUGHN,** | ) |
| | ) |
|       **Petitioner,** | ) |
| | ) |
| vs. | )    **CIVIL NO. 05-181-DRH** |
| | ) |
| **SARAH REVELL,** | ) |
| | ) |
|       **Respondent.** | ) |

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 2000 conviction in the United States District Court for the Central District of Illinois. In that case, Petitioner was found guilty of cocaine distribution, witness retaliation, and possession of a firearm in furtherance of a drug-trafficking crime and a crime of violence, for which he is serving an aggregate sentence of 720 months. *United States v. Vaughn*, Case No. 99-cr-30068 (C.D. Ill., filed Aug. 6, 1999). On direct appeal, he argued only that the trial court erred in allowing testimony regarding his involvement in drug-trafficking unrelated to the pending charges. That argument was rejected; his conviction and sentence were affirmed. *United States v. Vaughn*, 267 F.3d 653, 659-60 (7th Cir. 2001). He later filed a motion under 28 U.S.C. § 2255, primarily arguing that his sentence was invalidated by *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531 (2004). That motion was dismissed as untimely. *Vaughn v. United States*, Case No. 04-cv-3189-JES (C.D. Ill., filed Aug. 24, 2004).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face

of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed

inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit later clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is *no longer* a crime. To the contrary, Petitioner argues that he should not have been convicted of either witness retaliation or possession of a firearm. He believes that the charge in Count II of the indictment does not allege the elements required under 18 U.S.C. § 1513(b)(2) for witness retaliation, but this Court disagrees. He also believes that because he merely provided a bomb to a co-conspirator, who then planted that device as instructed, he did not "use" or "carry" a firearm during the underlying crimes in violation of 18 U.S.C. § 924(c), as charged in Count III. This argument is disingenuous at best. Furthermore, Petitioner could and should have raised these arguments on direct appeal or in a timely-filed motion under 28 U.S.C. § 2255; he cannot now raise these procedurally-defaulted arguments as grounds for relief under § 2241.

Therefore, Section 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   February 3, 2006.**

/s/    David RHerndon
**DISTRICT JUDGE**